IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| PAMELA K. GUSCHAUSKY, individually and on behalf of all other similarly situated, | ) ) ) | CV 10-59-H-DWM |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, AFLAC INCORPORATED, AND DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

## I. Introduction

Plaintiff Pamela Guschausky ("Guschausky") brought this putative class action against American Family Life Assurance Company of Columbus ("Aflac") and its parent holding company, AFLAC Incorporated ("AFLAC Inc."). She claims Defendants overcharged her for an accident insurance policy issued by Aflac.

Before the Court are two motions to dismiss. AFLAC Inc. moves for dismissal on the grounds that (1) Guschausky failed to state a claim against it and (2) for lack of personal jurisdiction. Aflac separately moves to dismiss the action arguing the case is (1) moot, (2) preempted by the Employee Retirement Income Security Act ("ERISA"), and (3) the Complaint otherwise fails to state a cognizable claim under Montana law. For the reasons that follow, AFLAC Inc.'s motion is well taken, while Aflac's is not.

## II. Background

According to the Complaint, Guschausky purchased an insurance policy from Aflac that provided coverage to dependant children who are unmarried and under age 19. Coverage would extend to age 23 if the dependant was a full-time student. In July 2010, Guschausky submitted a claim under the policy for care her son received. He was 24 years old at the time of treatment. Aflac denied the claim because her son did not meet the policy's definition of "Dependant children." Plaintiff alleges her son became ineligible for coverage under the policy when he turned 23 on April 23, 2009, yet "Aflac continued to overcharge [her] and collect premiums for [him]. Despite demand for the refund of same, Aflac has not done so." Compl. ¶¶ 6-11 (dkt #1).

Guschausky seeks class certification pursuant to Federal Rule of Civil

Procedure 23 to represent "[a]ll persons or entities in the United States who were insured under an Aflac insurance policy providing coverage for dependents and for whom Aflac continued to collect premiums after such dependents became ineligible for coverage under the insurance policy." Id. at ¶ 12.

She brings three counts in her Complaint. First, she alleges a claim of "equitable monetary relief." This consists of a request that "the Court determine that Defendants have overcharged [her] and the putative class and order that Defendants refund, credit or pay reparations . . . for all amounts that are determined to be in violated [sic] of Defendant's standard form policy of insurance." Id. at ¶ 20. Second, she brings a claim of unjust enrichment, alleging Defendants have been "unjustly enriched . . . by overcharging under their standard form policies of insurance." Id. at ¶ 22. Third, she requests declaratory and injunctive relief. She seeks a declaration that "Defendants' challenged conduct is improper under Defendants' standard form insurance policies," and she seeks an injunction against Defendants "from overcharging policy holders." Id. at ¶¶ 26, 28.

### III. Rule 12(b)(6) Standard

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when there is "either a 'lack of a cognizable legal theory' or 'the

absence of sufficient facts alleged under a cognizable legal theory.' " Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). To avoid dismissal, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A pleader must allege enough facts showing it is "plausible" that she is entitled to relief. Id. at 556. As a general rule, well-pled factual allegations are accepted as true and viewed in the light most favorable to plaintiff. Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004). The court may not, however, consider factual allegations "outside" the complaint. Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Dismissal should be with leave to amend unless it is clear that no amendment could save the claim. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).

### IV. AFLAC Inc.'s Motion to Dismiss

To withstand a motion to dismiss, a complaint must allege facts that "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp., 550 U.S. at 555. Here, Guschausky only alleges that AFLAC Inc. is the parent corporation of Aflac. Compl. ¶ 2. AFLAC Inc. is not

liable for the actions of its subsidiary, United States v. Bennett, 621 F.3d 1131, 1137 (9th Cir. 2010), and without more, there is no claim stated against the parent company.

The Court cannot say that allowing Guschausky an opportunity to amend would be futile. Accordingly, she may file an amended complaint to state a plausible claim against AFLAC Inc., if one exists.

Whether personal jurisdiction exists over AFLAC Inc. will become more clear if and when Guschausky states a claim against it. That portion of AFLAC Inc.'s motion to dismiss is denied, subject to refiling.

## V. Aflac's Motion to Dismiss

**A. Mootness**

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). Mootness turns on whether circumstances have changed preventing the court from offering "any effective relief." West v. Sec'y of Dept. of Transp., 206 F.3d 920, 925 (9th Cir. 2000).

Aflac argues this action is moot because it offered to refund the disputed premiums to Guschausky by way of a decision letter dated December 28, 2010. This does not moot the case.

First, the offer to return the disputed premiums does not resolve Guschausky's requests for interest, fees and punitive damages.

Second, even if it did, the certification of a putative class "relates back" to the filing of the complaint if such a claim would otherwise evade review. County of Riverside v. McLaughlin, 500 U.S. 44, 52 (1991). Aflac contends Guschausky's putative class action is not inherently transitory or likely to evade review, and that it is only now moot because Guschausky prematurely brought the action prior to Aflac having a fair opportunity to respond to her demand to be refunded. The argument is unpersuasive.

According to the Complaint, Aflac is unjustly retaining payments from a class of policyholders. That class cannot, under Aflac's logic, have a live controversy until Aflac refuses to reimburse an individual requesting a refund. This means Aflac can continue to unjustly retain such benefits, and every time a member becomes aware of this alleged injustice, Aflac can moot the cause of action by simply refunding that one member's premiums. That would essentially preclude the issue from ever being litigated. As such, to the extent Guschausky's claims become moot, it would be appropriate to relate "class certification back to the filing of [the] class complaint." Weiss v. Regal Collections, 385 F.3d 337, 346-47 (3rd Cir. 2004).

**B.     ERISA Preemption**

An employee benefit plan is covered by ERISA if it is "established or maintained by an employer . . . , to the extent that such plan . . . was established or is maintained for the purpose of providing for its participants []medical, surgical, or hospital care or benefits, or benefits in the event of sickness, <u>accident</u>, disability, death or unemployment."  29 U.S.C. §§ 1002(1), (3) (emphasis added). "The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person." <u>Kanne v. Conn. Gen. Life Ins. Co.</u>, 867 F.2d 489, 492 (9th Cir. 1988).

Aflac asserts Guschausky's accident policy is a part of her employer's, Hamilton Misfeldt & Company's, ERISA-governed benefit plan.  To prove so much, Aflac submitted a plan form with a preamble that states "the Employer hereby establishes a Flexible Benefits Plan ('Plan') for its Employees for purposes of providing Employees with the opportunity to choose from among the fringe benefits available under the Plan."  (Dkt #14-3 at 9).  The fringe benefits include accident insurance.  (<u>Id.</u> at 20).  This might prove the establishment of a benefits plan, but the Court cannot rely on the document in a motion to dismiss for two reasons.

First, the submitted plan form is "outside" the complaint as the document's

contents are not alleged in the complaint. See Sgro v. Waters of N. Am., Inc., 532 F.3d 940, 943 n.1 (9th Cir. 2008) (citing Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994)). Second, the authenticity and applicability of the form is in question. Branch, 14 F.3d at 454. The form is unsigned, and Hamilton Misfeldt's managing partner states in an affidavit that the company never signed a form establishing the Plan. The Court thus cannot consider the document without converting this to a motion for summary judgment.[1]

Even if the policy is part of an employer established plan, the Secretary of Labor has created a "safe harbor" provision that exempts plans from ERISA when

(1) No contributions are made by an employer or employee organization;

(2) Participation [sic] the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). A plan is exempt only if all four conditions are met.

---

[1] Additionally, Guschausky notes the policy was issued to her, not her employer, and the policy does not mention ERISA.

Stuart v. Unum Life Ins. Co. of Am., 217 F.3d 1145, 1153 (9th Cir. 2000).

The parties dispute whether the employer contributed to the Plan. "So long as [the employer] pays for some benefits, ERISA applies to the whole plan, even if employees pay entirely for other benefits." Sgro, 532 F.3d at 942-43. It is undisputed that Hamilton Misfeldt contributed to its employees' health insurance, which was part of a separately administered plan. It is unclear, however, if the Aflac Plan is part of Hamilton Misfeldt's larger employee benefit plan that includes that separately administered plan. Thus, the Court cannot say at this time whether the safe harbor provision applies.[2]

These issues should become more developed through discovery and can be resubmitted in a motion for summary judgment if appropriate.

## C. Failure to State a Cause of Action

Finally, Aflac argues Guschausky has failed to state a cause of action for unjust enrichment under Montana law.[3] "Unjust enrichment occurs when one has

---

[2] Whether the third condition applies also appears to be in dispute. The Ninth Circuit has held that an employer "endorses" a plan if it is the plan administrator, even in name only. Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1121 (9th Cir. 1998). The summary plan description submitted by Aflac names Stacey Eve–whose address is identical to Hamilton Misfeldt's–as the Plan Administrator. (Dkt #14-3 at 19).

[3] Aflac also argues Guschausky's claims for equitable monetary relief, and declaratory and injunctive relief only amount to a request for relief without identifying a violation supporting so much. Because unjust enrichment is available and Aflac did not argue in the alternative that the other claims fail regardless of the availability of the claim for unjust enrichment claim, the Court need not address the viability of Guschausky's other claims.

and retains money which in justice or equity belongs to another." Edwards v. Cascade County, 212 P.3d 289, 295 (Mont. 2009). Relying on Maxted v. Barrett, 643 P.2d 1161 (Mont. 1982), Aflac insists unjust enrichment is not available here because there is a contract–namely the policy–between the parties. Aflac's reliance and argument is misplaced.

In Maxted, a party to a buy-sell agreement refused to sell its interest in a building despite the buyer tendering the agreed to purchase price. The buyer sued for specific performance, and the seller pled a defense of unjust enrichment. Id. at 1164. Citing New York law, the Montana Supreme Court dismissed the defense, noting unjust enrichment "is brought into play when no contract between the parties exists, . . . there was a contract," and thus "appellants [sic] unjust enrichment arguments are not well taken." Id. This does not mean, as Aflac contends, that unjust enrichment fails whenever there is a contract between parties. Instead, it stands for the proposition that unjust enrichment is unavailable "if there is an enforceable contract governing" the issue in dispute. See R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 60 (2d Cir. 1997) (applying New York law).

Here, the policy does not govern the premiums Guschausky paid to Aflac for which she allegedly received no benefit in return. Also, the contract, as evidenced by Aflac's refusal to honor Guschausky's claim under the policy, is

unenforceable in regards to the contested premiums. Guschausky claims Aflac has received a benefit that is unjust for it to retain and not return. This is a cognizable claim under Montana law.

### VI. Conclusion

Based on the foregoing,

IT IS HEREBY ORDERED that AFLAC Inc.'s Motion to Dismiss (dkt #10) is GRANTED as to the Complaint's failure to state a claim against it. AFLAC Inc. is DISMISSED WITHOUT PREJUDICE from this action. The Motion is otherwise DENIED as moot.

IT IS FURTHER ORDERED that Aflac's Motion to Dismiss (dkt #12) is DENIED. The issue of ERISA preemption may, however, be re-submitted in a motion for summary judgment.

Finally, IT IS ORDERED that Defendants' Motion to Stay Discovery (dkt #34) pending resolution of these motions is DENIED as moot.

Dated this 10th day of May, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT