IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| PAMELA K. GUSCHAUSKY, individually and on behalf of all other similarly situated, | ) ) ) | CV 10-59-H-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, AFLAC INCORPORATED, AND DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On March 21, 2012, the Court heard the Named Plaintiff Pamela K. Guschausky's unopposed motion for final approval of the class action settlement, as set forth in the Stipulated Class Action Settlement Agreement ("Agreement"), in the above-captioned action. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and an opportunity to object to it, comment on it, participate in it, and exclude themselves from it. Having considered the proposed Settlement, the papers submitted by the Parties in support of final approval of the Agreement, and the argument at the Final Approval Hearing, the Court **HEREBY ORDERS AND**

1

**MAKES DETERMINATIONS AS FOLLOWS:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Agreement, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court finds that certification of the following two subclasses, for settlement purposes only, is appropriate under Rule 23 of the Federal Rules of Civil Procedure:

>  (A) **Monetary Relief Settlement Subclass**. All policyholders who are residents of the United States, its Territories, and the District of Columbia, who purchased a "One-Parent Family" or "Two-Parent Family" coverage insurance policy from Defendant, who had their dependent claims denied during the time period from December 16, 2002 to present for "Claimant Excluded from Coverage" or "Dependent Not Covered" (Denial Codes 3 and 12), and for whom Defendant retained the premiums paid for coverage for dependent children when such policyholder had and currently has no children eligible for dependent coverage under the terms of the policy.
>
> This Monetary Relief Settlement Subclass necessarily excludes policyholders who, at the time of the claims denial, had or currently has a child eligible for dependent coverage under the policy. This class also excludes any agents, employees, officers, and/or directors of American Family Life Assurance Company of Columbus, American Family Life Assurance Company of New York policyholders, counsel of record, and members of the judiciary overseeing this action.
>
> (B) **Prospective Equitable Relief Settlement Subclass**. All policyholders who are residents of the United States, its Territories, and the District of Columbia, who have purchased, or will in the future, purchase a "One-Parent Family" or "Two-Parent Family" coverage insurance policy from Defendant, who in the future have a dependent claim denied for "Claimant Excluded from Coverage" or "Dependent Not Covered" (Denial Codes 3 and 12), and for whom Defendant is receiving premiums for coverage for dependent children, but such policyholder has no children eligible for dependent

2

coverage under the terms of the policy.

This Prospective Equitable Relief Settlement Subclass excludes agents, employees, officers, and/or directors of American Family Life Assurance Company of Columbus, American Family Life Assurance Company of New York policyholders, counsel of record, and members of the judiciary overseeing this action.

4.  The Court finds that these subclasses meet the ascertainability, numerosity, commonality and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods.

5.  The Court finds that Named Plaintiff Pamela K. Guschausky is an adequate class representative and appoints her as such.

6.  The Court finds that Class Counsel has adequately represented the Class, and their appointment as Class Counsel is confirmed.

## FINAL APPROVAL OF NOTICE PROGRAM

7.  Pursuant to the Court's Preliminary Approval Order, the form of Notice was mailed to potential Class Members by first class mail. The Notice informed potential Class Members of the terms of the Settlement, their opportunity to file claims to opt-out of this Settlement, to file written objections, and to appear in person or by counsel at the Final Fairness Hearing. Notice was also published in 11 newspapers of national and regional circulation throughout the United States. A toll-free phone number was established to answer Class Member questions, and Class Counsel provided translations of the Notice and Claim Form to Spanish-speaking

Class Members. An electronic claim submission website was established. The Court finds that these procedures afforded protections to Class Members and provided the basis for the Court to make an informed decision and approval of the Settlement. The Court finds further the Notice provided in this case was the best Notice practicable and satisfied the requirements Rule 23 of the Federal Rules of Civil Procedure and Constitutional due process.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

8. The Court has reviewed the Agreement and finds that the Settlement is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability, and damages. The Court finds further that extensive investigation, formal discovery, and research have been conducted such that counsel for all Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs such as those that have already been incurred by both Parties and will avoid the delay and risks that would be presented by further prosecution of the litigation. The Court finds that the Settlement has been reached after intensive, serious and non-collusive arm's-length negotiations.

9. The Court finds that no Class Member validly and timely objected to the Settlement.

10.     Pursuant to the terms of the Agreement, in exchange for the Settlement Class Members agreeing to release the Released Claims, Defendant shall make the Settlement Payment to each eligible Class Member timely filing a Valid Claim, implement the Equitable Relief, pay all fees and expenses of the Notice Program and Claim Administrator, pay the Incentive Award, and pay reasonable attorneys' fees and expenses to Class Counsel.  Taking into account the (1) value of the Settlement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed and the stage of litigation when Settlement was reached, (4) the complexity, expense, and likely duration of the litigation in the absence of settlement, and (5) the experience and views of counsel, the Court finds that the Settlement is fair, adequate, reasonable, and deserves this Court's final approval.  The Court further finds that the Settlement was made in good faith, negotiated at arm's length and represents the best interests of the Parties.  Accordingly, the Court orders the Parties to consummate the Settlement in accordance with the terms of the Agreement.

11.     Neither this Final Approval Order, the accompanying Judgment nor the Agreement, shall constitute an admission by Defendant of any liability or wrongdoing whatsoever, nor is this Final Approval Order a finding of the validity or invalidity of any claims in the action or a finding or wrongdoing by Defendant.  Nor is any act performed or document executed pursuant to, or in furtherance of, the Agreement or

the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant, Released Parties, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant, Released Parties, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except for purposes of settling the Action pursuant to the terms of the Agreement or enforcing the release of the Released Claims.

## DISMISSAL AND RELEASE

12.     In accordance with the terms of the Agreement, this Action shall be dismissed on the merits and with prejudice, with Defendant bearing its own attorneys' fees and costs and Class Counsel's attorneys' fees and costs.

13.     By this Order and accompanying Judgment, the Named Plaintiff shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including unknown claims) as defined in the Agreement and incorporated by reference herein.

14.     The only Class Members entitled to payment pursuant to this Judgment are those who submitted a Valid Claim in conformity with the claims procedure set

forth in the Agreement and those Class Members shall be entitled to receive a refund of 100% of the premium owed to the Class Member if the Class Member paid for Family Coverage, but never had an eligible dependent or no longer has any eligible dependents but continued to pay for Family Coverage.  Their monetary payments shall be calculated according the methodology and calculation laid out in the Settlement Agreement.

15.    Without affecting the finality of the Final Approval Order and the accompanying Judgment, the Court reserves continuing and exclusive jurisdiction over the Parties to the Agreement to administer, supervise, construe, and enforce the Agreement and this Order in accordance with its terms for the mutual benefit of the Parties.  Under the Federal Rules of Civil Procedure, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Approval Order and accompanying Judgment.

## **SETTLEMENT ADMINISTRATION AND PAYMENTS**

16.    For the reasons more fully set forth in its Order Granting Class Counsel's Motion for an Award of Attorneys' Fees and Expenses, which is incorporated herein by reference, the Court finds that Class Counsel, Conner & Pinski, PLLP, having conferred a benefit on Named Plaintiff and the Class Members and having expended efforts to secure compensation to the Class, are entitled to reasonable attorneys' fees

and expenses in the amount of $1,650,408.25, and accordingly, within fifteen (15) days after the Effective Date, Defendant shall pay such amount to Class Counsel. The Court's explanation for this award is detailed in an order filed concomitantly with this order.

17. Within fifteen (15) days after the Effective Date, Named Plaintiff Pamela Guschausky shall be paid an Incentive Award of $5,000, in exchange for a release of all Released Parties, in accordance with the Agreement.

18. The Court further approves that Garden City Group, Inc. will administer the Settlement pursuant to the Agreement. Defendant shall pay all fees and expenses of Garden City Group, Inc. for their services rendered in administering the Settlement and Class Notice, in accordance with the Agreement.

19. Within thirty (30) days after the Effective Date, Settlement Class Members shall receive monetary payments, in accordance with the Agreement.

20. The Court further finds that 352 Class Members have timely requested exclusion from the Settlement. Attached hereto as Exhibit A is a true and correct copy of those putative class members who have requested exclusion from the Settlement to date, and therefore, are not part of the Class, not bound by this Order and the accompanying Judgment, and not entitled to any Settlement Award under this Settlement.

21. Except as stated in this Order, all other terms of the Settlement will remain as stated in the Agreement and all accompanying documents and the Orders of this Court.

The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law. The parties, however, must file a joint status report every 180 days from the date of this order, explaining whether the Court should continue to exercise such jurisdiction.

**IT IS SO ORDERED.**

Dated this 2nd day of April 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT