IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| PAMELA K. GUSCHAUSKY, individually and on behalf of all other similarly situated, | ) ) ) ) | CV 10-59-H-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, AFLAC INCORPORATED, AND DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

On April 2, 2012, this Court issued findings of fact and conclusions of law awarding Guschausky $1,650,408.25 in attorney's fees, as well as the class's reasonable costs and expenses. (Doc. 94). AFLAC filed a motion under Federal Rule of Civil Procedure 60, challenging that award. The Court grants AFLAC's motion and modifies the award of attorney's fees. The Court's previously issued findings of fact and conclusions of law are incorporated into this order to the extent that they are consistent with this order.

The Court based its previous award of attorney's fees on the parties' stipulation as to the potential value of the settlement in this case. The class stipulated that the minimum settlement value is $6,601,633.00, and AFLAC

1

stipulated that this figure represented the "maximum reasonable monetary value." (Doc. 82). Given these representations, the Court determined that the $6.6 million figure was a reasonable estimation of the settlement value. Neither of the parties provided viable, convincing alternatives that were based on any reliable data. At the hearing on the class's motion to determine attorney's fees, AFLAC, for the first time, asked for additional time to analyze the settlement value, but the Court denied that request.

AFLAC's motion for relief from the attorney's-fees judgment is based on Rule 60(b)(2), which permits a court to grant relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Here, AFLAC claims that "newly discovered evidence from the claims review process demonstrates that the potential value of claims is far less than the $6.6 million class benefit figure . . . ."

Instead of the $6.6 million figure, AFLAC now claims that the monetary settlement value is $1,539,736.46. The class does not dispute this figure.[1] This

---

[1] Instead of disputing the figure, the class argues that the data upon which this figure is based is summary data that should be excluded under Federal Rule of Civil Procedure 1006. The class's argument fails.

AFLAC's data is in the form of spreadsheets that identify claims that AFLAC paid out. The class argues that it did not receive this "summary data" until May 4, 2012, and that it has not examined the underlying data. (*See* doc. 119 at 4.) Rule 1006 does not require a party to produce underlying data. A party must

2

value is based on data that was available to AFLAC prior to the attorney's-fees hearing but was fully analyzed only after the hearing. AFLAC's new analysis is not "newly discovered evidence." The new analysis simply offers a clearer picture of old, existing evidence. Rule 60(b)(2) therefore does not apply.

Relief from the attorney's-fees award is warranted, though, under Rule 60(b)(6), which permits a Court to grant relief for "any reason that justifies relief." A party qualifies for relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Community Dental Servs. v. Tani*, 282 F. 3d 1164, 1168 (9th Cir. 2002) (citations and internal quotation marks omitted). "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* (citations and internal quotation marks omitted). Those circumstances exist here.

The Court expects parties to move for necessary continuances before the eleventh hour, if possible. Here, nothing prevented AFLAC from asking for more time to analyze the data prior to the hearing. AFLAC, though, waited until the

---

simply make that underlying data available to the opposing party. The hearing for AFLAC's Rule 60 motion was held on September 24, 2012. The class therefore had more than four months to examine any underlying data if it wanted to do so. It apparently did not. And it has not come forward with any evidence showing that AFLAC refused to provide access to the data. Even assuming that the spreadsheets are summary data, the class has not come forward with a legitimate reason for excluding it.

hearing to ask for the continuance. Nevertheless, had the Court granted the continuance, the parties would have had a better opportunity to determine a "mathematically ascertainable" settlement value. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 473 (1980); *Staton v. Boeing*, 327 F.3d 938, 973 (9th Cir. 2003). Given the importance of the settlement value in determining the appropriate attorney's-fees award in this case, the new analysis—which AFLAC was not able to perform prior to the hearing—creates extraordinary circumstances that warrant relief.

AFLAC's new analysis shows that the monetary settlement value for this case is no greater than $1,539,736.46. The Court incorporates by reference into this order its conclusion that this sum represents a common fund. (Doc. 94 at ¶¶ 29–31, 34–35.) This sum, though, does not represent the entire value of the settlement. There is non-monetary value, as well—e.g., the future money that insurers will save as the result of AFLAC's changed policies. *Morris v. Eversley*, 343 F. Supp. 2d 234, 246–47 (S.D.N.Y. 2004) (stating that "the degree of monetary success (or lack thereof) is only one factor to be considered. Courts must also consider whether the plaintiff has achieved some other measure of success" and refusing to reduce attorneys' fees based on "limited monetary value" of recovery, where a "significant victory" with "non-monetary value" was obtained); *see also Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1305 ("[T]he 'benchmark' percentage of recovery fee is 25% of the recovery obtained, including

future benefits, with 20 to 30% as the usual range of common fund fees.").

The class's expert valued the future benefits at no less than $21,295,629 over eight years. (DeWees Aff., doc. 65 at ¶ 16.) This number, like the stipulated potential settlement value, appears to be inflated, based on AFLAC's new analysis. There is, however, a way to estimate the future value of the settlement in light of the new analysis.

The settlement defines, in part, the monetary relief settlement subclass as:

> All policyholders who are residents of the United States, its Territories, and the District of Columbia, who purchased a "One-Parent Family" or "Two-Parent Family" coverage insurance policy from Defendant, who had their dependent claims denied during the time period from December 16, 2002 to present for "Claimant Excluded from Coverage" or "Dependent Not Covered" (Denial Codes 3 and 12), and for whom Defendant retained the premiums paid for coverage for dependent children when such policyholder had and currently has no children eligible for dependent coverage under the terms of the policy.

(Settlement, doc. 52 at 3.1(A).) The subclass, then, covers roughly 10 years of retained premiums. Ten years of retained premiums resulted in a monetary settlement value of $1,539,736.46. Thus, all other factors being equal, the value of the settlement over the next eight years (i.e., the class's time frame for estimating future value) is $1,231,789.17. The total value of the settlement, then, is $2,771,525.63.

The Court incorporates its conclusion that the appropriate method for determining the attorney's fees in this case is the percentage-of-recovery method.

5

(*Id.* at ¶¶ 32–33, 37.) Using the "benchmark" 25% figure, the attorney's fees award is $692,881.41. The Court makes this award against the backdrop of the parties' agreement that the "award of attorneys' fees and reimbursement of expenses . . . shall be determined *solely and exclusively* by the Court . . . ." (Settlement, doc. 52 at ¶ 8.1) (emphasis added).

IT IS ORDERED that AFLAC's motion for relief from judgment (doc. 107) is GRANTED. The Court's previous attorney's fees award of $1,650,408.25 in favor of the class is VACATED. AFLAC shall pay the class's attorney's fees in the amount of $692,881.41.

Dated this 11th day of October 2012.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT